IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                            CRIMINAL ACTION NO. 1:06CR11

THOMAS SCRITCHFIELD,

        Defendant.

## ORDER/OPINION

On the 8th day of March, 2006, Defendant, by counsel, filed his "Motion for Production/Disclosure of Title III wiretap Application and Order of Authorization" [Docket Entry 36] and "Motion for Additional Discovery" [Docket Entry 37].[1]  The United States filed its Responses to Defendant's motions on                    .

On March 20, 2006, Defendant appeared in person and by his counsel D. Luke Furbee and Gary Rymer, and the United States appeared by its Assistant United States Attorney Sherry Muncy for hearing on Defendant's motions.

### I. Procedural History

Defendant was indicted by a grand jury sitting in the Northern District of West Virginia, at Clarksburg, on February 7, 2006.  He is the sole defendant.  The six-count indictment includes one count of conspiracy to distribute cocaine; four counts of distribution of cocaine; and one count of threatening an individual in retaliation for information he provided to a law enforcement officer.

### II. Motion for Production/Disclosure of
### Title III Wiretap Application and Order of Authorization

---

[1] Plaintiff also filed a Motion to Quash or Dismiss the Indictment; Motion to Sever, and Motion to Suppress which motions will be addressed in a separate Opinions.

In his motion regarding the wiretap application, Plaintiff asserts that the Government furnished to counsel a CD containing five telephone conversations allegedly between Defendant and one Jesse Ross Sine and one Kim Sine. These conversations were allegedly intercepted pursuant to a Title III application and order of authorization. Counsel for Defendant requested the Government produce a copy of the applications and orders authorizing said wiretaps. Counsel represents that the Government refused to furnish the relevant applications and orders o the ground that Defendant did not have standing to challenge them.

Defendant argues he does have standing. He asserts the Government secured authorization to conduct electronic surveillance of Jesse Ross sine and Blair Jones. Counsel believes certain communications allegedly made by Defendant were intercepted pursuant to the wiretaps. In fact, the government produced to Defendant a CD containing five such interceptions. Defendant argues that without the opportunity to review the applications, he cannot determine if a motion to suppress or a motion in limine is in order.

18 U.S.C. § 2518 (9) and (10) provides:

(9) The contents of any wire, oral, or electronic communication intercepted pursuant to this chapter or evidence derived therfrom shall not be received in evidence or otherwise disclosed in any trial, hearing, or other proceeding in a Federal or State court unless each party, not less than ten days before the trial, hearing, or proceeding, has been furnished with a copy of the court order, and accompanying application, under which the interception was authorized or approved. This ten-day period may be waived by the judge if he finds that it was not possible to furnish the party with the above information ten days before the trial, hearing, or proceeding and theat the party will not be prejudiced by the delay in receiving such information.
(10(a) Any aggrieved person in any trial, hearing, or proceeding in or before any court, department, officer, agency, regulatory body, or other authority of the United States, a State, or a political subdivision thereof, may move to suppress the contents of any wire or oral communication intercepted pursuant to this chapter, or evidence derived therefrom, on the grounds that -
    (i)    the communication was unlawfully intercepted;
    (ii)    the order of authorization or approval under which it was

2

>                    intercepted is insufficient on its face; or
>    (iii)    the interception was not made in conformity with the order of
>             authorization or approval.

The United States reconsidered it's objection after filing it's response and announced it was prepared to provide counsel for Defendant with the application and orders authorizing the electronic surveillance provided such information would not be public but would be for the limited use of the Defendant and Defendant's attorneys. Defendant by counsel agreed and the information was turned over by the United States rendering Defendant's Motion for Production/Disclosure of Title III Wiretap Application and Order of Authorization (Docket Entry 36) moot.

### III.  Motion for Additional Discovery

Plaintiff next moves the Court for additional discovery – in particular:

1. Transcription of the contents of the various electronic media previously produced by the Government;
2. Criminal history known to the Government of any witness it intends to call in its case-in-chief, with such disclosure to be made simultaneously with its disclosure of its list of witnesses under L. R. Cr. P. 16.08;
3. Any document which purports to be a Miranda waiver made by or on behalf of the Defendant at any time;
4. Any and all Giglio, Roviaro and related material within due course as prescribed by local rule;
5. Any and all Brady material which becomes known to the government forthwith as prescribed by local rule;
6. Pursuant to Fed. R. Cr. P. 12(b)(4)(B), notice by the Government of any material it intends to use in its case in chief which has been or should be furnished to the Defendant under Rule 16.

With respect to additional discovery request 1, based on the representations of counsel during the hearing, the Court concludes that Defendant has already been provided with digital copies of the information sought as a whole and can view the same on his counsel's computer or his counsel can print off a paper copy of any digital document he desires thereby rendering Defendant's request for a paper copy moot.

With respect to additional discovery requests 2, 3, 4, 5, the Court concludes from the representations made on the record of the hearing that the information being requested by Defendant was already known by and provided to Defendant or was due to be provided to Defendant pursuant to the Court's initial scheduling order thereby rendering the request moot.

With respect to additional request 6, the Court concludes from the representations made by all counsel during the hearing that the information being sought had already been provided to Defendant in digital format in the initial disclosures made pursuant to the Court's initial scheduling order and to require the United States to provide "any material it intends to use in its case in chief" would be tantamount to forcing the United States to surrender its attorney fact and opinion work product. Accordingly, said request is Denied.

For the reasons stated herein and on the record of the hearing, Defendant's Motion for Production/Disclosure of Title III Wiretap Application and Order of Authorization (Docket Entry 36) and Defendant's Motion For Additional Discovery (Docket Entry 37) are **DENIED**.

**IT IS SO ORDERED**.

The United States District Clerk for the Northern District of West Virginia is directed to provide a copy of this order to counsel of record.

DATED: March 24, 2006.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE