IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                          CRIMINAL NO. 1:06CR11
                                     (Judge Keeley)

**THOMAS EUGENE SCRITCHFIELD,**

    **Defendant.**

## ORDER AFFIRMING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING THE DEFENDANT'S MOTION TO SUPPRESS

On March 8, 2006, the defendant, Thomas Eugene Scritchfield ("Scritchfield"), filed a motion to suppress, asserting that the government obtained the challenged evidence in violation of the Fourth, Fifth, and Sixth Amendments to the Constitution. (Doc. No. 35.) On March 20, 2006, the Court referred the motion to United States Magistrate Judge John S. Kaull for his review and recommended disposition. (Doc. No. 41.) Magistrate Judge Kaull subsequently issued his Report and Recommendation ("R&R") on March 30, 2006, (Doc. No. 45), and on April 7, 2006, Scritchfield filed his objections to the R&R. For the reasons that follow, the Court **AFFIRMS** the Magistrate Judge's R&R and **DENIES** Scritchfield's motion to suppress.

### I. Motion To Suppress

As outlined by the Magistrate Judge, Scritchfield's motion to suppress seeks to prohibit the introduction of fifteen (15) items,

USA v. Thomas Eugene Scritchfield                                  1:06CR11

## ORDER AFFIRMING THE MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION AND
## DENYING THE DEFENDANT'S MOTION TO SUPPRESS

or categories of items, of potential evidence. In support of his motion, Scritchfield argues:

> All of the foregoing items and/or statements were obtained in violation of the Fourth, Fifth and Sixth Amendments to the United States constitution [sic] and other applicable statutory and decisional law of the United States. The burden is upon the United States to prove that said items were lawfully obtained under the facts and circumstances of this case.

(Doc. No. 35 at 2.)

Further, he contends that F.R.Cr.P. 12(b)(3)(C) entitles him "to require the Government to prove prior to trial that all statements of the Defendant and all evidence seized from the Defendant" were constitutionally obtained and constitute admissible evidence.

### II. Motions Hearing and Magistrate's R&R

On March 20, 2006, Magistrate Judge Kaull conducted a motions hearing at which he directed Scritchfield to clarify his argument. The Magistrate Judge then summarized that argument in his R&R as follows:

> 1) Defendant's statements to law enforcement officers on January 6, 2006, were illegally obtained, without <u>Miranda</u> warnings;
> 2) Any evidence or statements obtained after the January 6, 2006, statement must be suppressed as "fruits of the poisonous tree;"
> 3) Certain documentary evidence must be suppressed because it includes references to "motorcycle gangs" in general, and the Outlaws and Pagans in particular, which references are prejudicial to Defendant; and

4) All the government's evidence must be suppressed because the Defendant became a target in early to mid 2005; Defendant was a known user of illegal drugs; and the government made certain individuals with possible criminal charges pending "offers they couldn't refuse" and sent them out on a "fishing expedition" to entrap Defendant. This conduct was so outrageous all evidence should be suppressed.

During the March 20, 2006 hearing, after hearing testimony, the Magistrate Judge made findings of fact regarding each of Scritchfield's four lines of argument, and subsequently recommended in his R&R that Scritchfield's motion to suppress be denied on each ground. With regard to grounds 1) and 2), the Magistrate Judge found that the "undisputed evidence" illustrates the non-custodial nature of the January 6, 2006 interview between police officers and Scritchfield at the defendant's home. Accordingly, Miranda warnings were not required and the information obtained by the police from subsequent statements of Scritchfield on January 12 and 13, 2006, was not "fruit of the poisonous tree."

### III. Objections

In his objections to the R&R, Scrithfield argues that the Magistrate Judge should have deemed the January 6, 2006 interview conducted by police at Scritchfield's home custodial in nature, thus requiring Miranda warnings. Scritchfield contends the interview equated to a formal arrest because:

**USA v. Thomas Eugene Scritchfield**                                1:06CR11

## ORDER AFFIRMING THE MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION AND
## DENYING THE DEFENDANT'S MOTION TO SUPPRESS

> 1) The police came to the Defendant's home without invitation or warrant;
> 2) The Defendant was told on [sic] no uncertain terms that not only was he a "target" but that the police already had enough evidence to charge or convict him;
> 3) Defendant was never informed that he could terminate the questioning; and
> 4) Defendant's liberty was additionally restrained at one point by positioning him in the vehicle which was being driven by the police.

(Doc. No. 58 at 2.)

Accordingly, he asserts, the statements made during that interview and subsequently, on January 12 and 13, 2006, should be suppressed.

### IV. Discussion

Miranda warnings are required prior to the custodial interrogation of an individual. Dickerson v. United States, 530 U.S. 428, 444 (2000); Miranda v. Arizona, 384 U.S. 436 (1966). To determine whether an individual is "in custody," a court must decide from the totality of the circumstances whether the "suspect's freedom of action is curtailed to a degree associated with formal arrest." Berkemer v. McCarty, 468 U.S. 420, 440 (1984); United States v. Photogremmetric Data Services, 259 F.3d 229, 240-242 (4th Cir. 2001)(cert. denied, 535 U.S. 926 (2002)). In United States v. Martindale, 790 F.2d 1129, (4th Cir. 1986), the Fourth Circuit affirmed a district court's denial of the defendant's

USA v. Thomas Eugene Scritchfield                              1:06CR11

## ORDER AFFIRMING THE MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION AND
## DENYING THE DEFENDANT'S MOTION TO SUPPRESS

motion to suppress because the complained interviews were deemed non-custodial. The appellate court found that:

> In both interviews the defendant freely consented to answer the agent's questions. He was thus under no restraint; he was subjected to no coercive action, either in word or deed. He was at liberty to terminate the discussion and go his way anytime he chose to leave. He was neither under arrest nor in any type of custodial situation in either case. In fact, the Pederson interview was in the defendant's own office.

Id. at 1133.

In this case, the January 6, 2006, interview was conducted at Scrithfield's home. Sworn testimony indicates that, when police knocked on his door, Scritchfield answered the door and invited the officers inside after they had identified themselves. While the officers told Scritchfield that "he was pretty much done," they also specifically told him that he would not be taken into custody that day. Further, when Scritchfield advised the officers that he did not want to answer certain questions asked of him, no further efforts were made to obtain an answer. Moreover, while the officers did not expressly tell Scritchfield he could terminate the interview at any time, he was told at the beginning of the interview that he did not have to talk to them. Finally, when other individuals arrived at Scritchfield's home during the January 6, 2006 interview, Scritchfield and the police officers

USA v. Thomas Eugene Scritchfield                               1:06CR11

## ORDER AFFIRMING THE MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION AND
## DENYING THE DEFENDANT'S MOTION TO SUPPRESS

went outside to continue the interview in private, and testimony reveals that Scritchfield sat in the officers' car at that time because it was cold.

Here, the totality of the circumstances belie any claims of custodial interrogation by the police. Accordingly, the Court **AFFIRMS** the Magistrate Judge's recommended findings and **DENIES** Scritchfield's motion to suppress. (Doc. No. 35.)

The Clerk is directed to transmit copies of this Order to counsel of record and to all appropriate agencies.

DATED: May 4, 2006.

IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE